IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ACTIVISION TV, INC., )
)
        Plaintiff, )
)
v. ) Case No. 14-208-JWL
)
CARMIKE CINEMAS, INC., )
)
        Defendant. )

# ORDER

Nonparty Cinema Scene Marketing & Promotions, LLC has filed a motion to quash a subpoena issued by Activision TV, Inc. **(ECF. doc. 1).** Activision issued the subpoena as part of discovery in a patent-infringement lawsuit that it has brought against Carmike Cinemas, Inc. in the District of Delaware (Case No. 13-cv-00302). Cinema Scene argues that the subpoena is overly broad, seeks irrelevant documents, requests information that is confidential or considered a trade secret, would subject Cinema Scene to an undue burden, and does not allow a reasonable time to comply. Because Cinema Scene filed the motion without first complying with the letter and spirit of the meet-and-confer requirements of D. Kan. R. 37.2, the motion is denied without prejudice.

Activision is a technology company that designs, manufactures, and markets computer-integrated, flat-panel display systems. It alleges in the Delaware lawsuit that Carmike violated its patents via the digital signage systems used by Carmike at its cinemas. In a discovery response, Carmike stated that it used Cinema Scene software in its signage

systems. Activision then served a subpoena for the production of documents on Cinema Scene ("first subpoena").

After counsel for Cinema Scene informed Activision that there was a facial deficiency in the first subpoena, Activision served a new subpoena on December 10, 2013 ("second subpoena"). On December 17, 2013, counsel for Carmike asked Activision to withdraw the second subpoena because Activision had failed to provide Carmike pre-service notice of the subpoena as required by newly amended Fed. R. Civ. P. 45(a)(4). Also on December 17, 2013, Cinema Scene filed a motion in this court to quash the second subpoena, arguing that the subpoena failed to give an adequate time to respond, was over broad, and that responding would subject Cinema Scene to an undue burden.[1] Within minutes of the motion to quash being filed, Activision informed Cinema Scene that it was withdrawing the second subpoena.[2] Activision did not respond to the motion to quash (nor inform the court that it had withdrawn the subpoena), and the undersigned U.S. Magistrate Judge, James P. O'Hara, granted the motion to quash as unopposed.[3]

On January 10, 2014, Activision served the subpoena at issue here ("third subpoena"). The third subpoena contains eighteen requests for the production of documents (six fewer than the second subpoena). On January 23, 2014, Cinema Scene filed the instant motion to

---

[1] ECF doc. 1 in Case No. 13-231.

[2] Activision states that it withdrew the second subpoena before receiving notification that the motion to quash had been filed. *See* ECF doc. 4-5 at 2.

[3] ECF doc. 3 in Case No. 13-231.

quash the third subpoena.

The local rules of this court require the attorney for a party moving to quash or modify a subpoena to confer, or at least make a reasonable effort to confer, with opposing counsel prior to the filing of the motion. D. Kan. Rule 37.2 states,

> The court will not entertain any motion to resolve . . . a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c),[4] unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

The court takes the requirements of Rule 37.2 seriously. The purpose of Rule 37.2 is to encourage parties to satisfactorily resolve their discovery disputes before resorting to judicial intervention.[5] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must

---

[4]The 2013 amendments to Rule 45 moved the provisions formerly in subdivision (c) to subdivision (d). *See* Fed. R. Civ. P. 45 advisory committee's notes to the 2013 amendment ("Subdivision (d) contains the provisions formerly in subdivision (c).").

[5]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.*, No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

needlessly expend resources it could better utilize elsewhere."[6] In determining whether the movant's efforts to confer were reasonable, the court "looks at all the surrounding circumstances."[7]

Activision argues that counsel for Cinema Scene failed to confer in a good-faith attempt to resolve this dispute prior to filing the instant motion. Activision has presented copies of emails between its counsel and counsel for Cinema Scene which support Activision's position. On January 14, 2014, Activision's counsel sent an email to Cinema Scene's counsel regarding the third subpoena.[8] The email stated that, in an effort to cooperate with Cinema Scene, Activision narrowed its document requests in the third subpoena to address Cinema Scene's objections to the second subpoena. Counsel for Activision also stated that, had Cinema Scene given Activision notice of its intent to file its motion to quash the second subpoena, Activision was "prepared to negotiate and revise the scope of the subpoena requests."[9] Cinema Scene's counsel responded by email the same day. The response stated,

> Based on a cursory review of the new subpoena, we will likely be filing another Motion to Quash. We are under no obligation to seek your approval

---

[6] *Manheim Auto. Fin. Servs. v. Guthrie*, No. 06-2298, 2007 WL 977558, at *1 (D. Kan. Mar. 30, 2007) (citing *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 302 (D. Kan. 1996)).

[7] *Wilbert v. Promotional Res., Inc.*, No. 98-2370, 1999 WL 760524, at *2 (D. Kan. Sept. 21, 1999).

[8] ECF doc. 4-5 at 2.

[9] *Id.*

before filing a motion. Further, your claim that you and Activision have made efforts to cooperate in this matter is absurd. Neither you nor Mr. Johnson have been responsive to my emails and voicemails, or efforts to resolve this matter.[10]

Activision states, and Cinema Scene does not dispute, that this was the last correspondence it received from Cinema Scene prior to Cinema Scene filing the motion to quash on January 23, 2014.

Cinema Scene's motion to quash discusses only broadly the steps it took in an effort to confer: "Cinema Scene has attempted to contact counsel for Activision several times to discuss a resolution to this matter but Cinema Scene's phone calls have been unreturned. Attempts to correspond through email have also been largely unsuccessful."[11] Cinema Scene's reply brief provides no more details on Cinema Scene's attempts to confer. Instead, Cinema Scene takes the position that "[b]ecause the requests in the third subpoena are identical to the requests in the second subpoena, Cinema Scene's duty to meet and confer had already been met and further discussions would be fruitless."[12] In addition to citing no legal support for this position, Cinema Scene has again failed to set forth any specific details about its earlier attempts to confer with Activision.

As the record stands, it appears that Cinema Scene has made no attempt at all to resolve its objections *specific to the third subpoena*, prior to seeking court intervention.

---

[10]ECF doc. 4-6 at 2.

[11]ECF doc. 2 at 2–3.

[12]ECF doc. 5 at 3.

Although the January 14, 2014, email of Cinema Scene's counsel warned that counsel's "cursory review" of the third subpoena led him to believe that Cinema Scene would "likely" file a motion to quash, Cinema Scene never gave Activision notice that it definitively planned to file a motion to quash the third subpoena. Courts in this district have held that a reasonable attempt to confer should include a clear statement that the party seeking discovery plans to resort to court intervention if the parties cannot reach an agreement.[13] Neither did Cinema Scene's January 14, 2014 email, nor any other correspondence of which the court is aware, set forth Cinema Scene's concerns or objections to the third subpoena.[14] Evidence of this single email, without an account of any other conferences that the parties may have had with respect to the issues in dispute, does not convince the court that Cinema Scene satisfied the meet-and-confer requirements, nor in good faith attempted to so do. It is clear

---

[13] *See Augustine v. Adams*, No. 95-2489, 1997 WL 260016, at *2 (D. Kan. May 8, 1997) ("When opposing counsel is unavailable or refuses to cooperate with attempts to confer, a reasonable effort should at a minimum include a clear statement that the party seeking discovery intends to resort to the court for resolution of the dispute, if there is no amicable resolution."); *cf. Almond v. Unified Sch. Dist. #501*, No. 07-4064, 2008 WL 1773863, at *2 (D. Kan. Apr. 16, 2008) (finding adequate conference where moving party contacted nonmoving party numerous times and forewarned that motion would be filed if discovery was not provided by a set date).

[14] *See Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, No. 08-2662, 2011 WL 5825423, at *1 (D. Kan. Nov. 17, 2011) ("Plaintiff fails to provide any other facts that would lead the Court to conclude that the communication between the parties was aimed at identifying and resolving the disputed issues regarding Plaintiff's Fourth Request for Production."); *McBride v. Medicalodges, Inc.*, Nos. 06–2535, 06–2536, 06–2538, 2008 WL 695812, at *1 (D. Kan. March 13, 2008) ("The parties must determine precisely what the requesting party is actually seeking, what responsive documents or information the discovering party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.").

to the court that Cinema Scene failed to satisfy both the letter and spirit of Rule 37.2.

The court therefore denies Cinema Scene's motion to quash and directs Cinema Scene and Activision to participate in a "meet and confer" session—in person as opposed to by telephone or email—on or before **March 19, 2014.**[15] "The parties must determine precisely what the requesting party is actually seeking, what responsive documents or information the discovering party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention."[16]

After taking an advance peak at the substantive arguments in Cinema Scene's motion to quash the third subpoena, it is not apparent to the court, for example, how the subpoena would subject Cinema Scene to an undue burden, or why eighteen days is not a sufficient time for Cinema Scene to comply. But matters such as these should be addressed by the parties in the first instance during a reasoned and deliberate conference. If, after conferring, Cinema Scene and Activision are unable to reach an agreement on disputes regarding the third subpoena, Cinema Scene may reassert its motion to quash by **April 2, 2014**.

IT IS SO ORDERED.

Dated February 26, 2014, at Kansas City, Kansas.

---

[15] The court is mindful that counsel live in different states, but given the clear failure to communicate via email and telephone in the past, the court orders a face-to-face conference.

[16] *Util. Trailer Sales of Kansas City v. MAC Trailer Mfg.*, No. 09-2023, 2010 WL 1141333, at *3 (D. Kan. Mar. 22, 2010).

                                                          s/ James P. O'Hara  
                                                         James P. O'Hara  
                                                         U.S. Magistrate Judge